NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
BENJAMIN R. BARRON (Cal. Bar No. 257094)
Assistant United States Attorney
Deputy Chief, International Narcotics,
Money Laundering, & Racketeering Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3542
    Facsimile: (213) 894-0142
    E-mail:   ben.barron@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CHRISTOPHER LAZENBY, <br><br> Defendant. | No. 19-CR-216-SVW <br><br> STIPULATION REGARDING REQUEST FOR (1) SETTING STATUS CONFERENCE HEARING DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT <br><br> **[PROPOSED] S.C. DATE:** 9-23-2019 <br> **[PROPOSED] S.C. TIME:** 10:00 a.m. |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Benjamin R. Barron, and defendant Christopher Lazenby ("defendant"), both individually and by and through his counsel of record, Deputy Federal Public Defender ("DFPD") Jennifer Uyeda, hereby stipulate as follows:

    1.    The information against defendant in this case was filed on April 9, 2019, along with a fully executed agreement for defendant to plead guilty to the offenses charged in the information. The

information charges defendant with one count of distributing methamphetamine and one count of distributing oxycodone, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(C).  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before June 18, 2019.  On April 26, 2019, defendant was arraigned on the information.  Because defendant has signed a written plea agreement, the Court did not set a trial date.  Defendant is released on bond in this matter.

2.   At the time that defendant signed the written plea agreement, defendant was represented by DFPD Andre Townsend, who recently left the Office of the Federal Public Defender for other legal employment.  Undersigned defense counsel, DFPD Jennifer Uyeda, since took over the representation of defendant as of April 17, 2019.  DFPD Uyeda must independently review the discovery and record in order to meaningfully participate in a plea colloquy and, relatedly, confer with and advise defendant regarding his guilty plea in this matter.  The discovery in this matter includes large amounts of digital evidence seized from defendant during an October 2018 search warrant, along with state and federal investigation reports from two separate investigations since 2015, related seized evidence, and subpoenaed business records.  DFPD Uyeda will be on leave from May 6 to May 21, 2019, and in training from May 28-30, 2019.  She also has been assigned to train the incoming lawyers June 17, 2019 to June 28, 2019, and mentor them over the next 6 months. Additionally, she is assigned to two criminal matters with upcoming trials, namely, <u>United States v. Hernandez-Villanueva</u>, CR 18-249-MWF, a drug trafficking case set for trial on July 30, 2019, and <u>United</u>

1  States v. Johnson, CR 18-681-ODW, bank robbery case set for trial on
2  June 25, 2019.
3       3.   In light of the foregoing, counsel for defendant also
4  represents that additional time is necessary to confer with
5  defendants, conduct and complete an independent investigation of the
6  case, conduct and complete additional legal research including for
7  potential pre-trial motions, review the discovery and potential
8  evidence in the case, and prepare for trial in the event that
9  defendant does not enter his guilty pleas.  Defense counsel
10 represents that failure to grant the continuance would deny her
11 reasonable time necessary for effective preparation, taking into
12 account the exercise of due diligence.  The requested continuance is
13 not based on congestion of the Court's calendar, lack of diligent
14 preparation on the part of the attorney for the government or the
15 defense, or failure on the part of the attorney for the Government to
16 obtain available witnesses.
17      4.   For purposes of computing the date under the Speedy Trial
18 Act by which defendant's trial must commence, the parties agree that
19 the time period of June 18, 2019, to September 23, 2019, inclusive,
20 should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A),
21 (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a
22 continuance granted by the Court at defendant's request, without
23 government objection, on the basis of the Court's finding that: (i)
24 the ends of justice served by the continuance outweigh the best
25 interest of the public and defendant in a speedy trial; (ii) failure
26 to grant the continuance would be likely to make a continuation of
27 the proceeding impossible, or result in a miscarriage of justice; and
28 (iii) failure to grant the continuance would unreasonably deny

defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

5. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: May 3, 2019                Respectfully submitted,

                                  NICOLA T. HANNA
                                  United States Attorney

                                  LAWRENCE S. MIDDLETON
                                  Assistant United States Attorney
                                  Chief, Criminal Division


                                   */s/ Benjamin R. Barron*
                                  BENJAMIN R. BARRON
                                  Assistant United States Attorney

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

    I am CHRISTOPHER LAZENBY's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up
///

4

the right to be brought to trial earlier than September 23, 2019 is an informed and voluntary one.

_____  
JENNIFER UYEDA  
Attorney for Defendant  
Christopher Lazenby

5/2/19  
Date

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than September 23, 2019. I understand that I will be ordered to appear in Courtroom 10A of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on September 23, 2019 at 10:00 a.m.

_____  
CHRISTOPHER LAZENBY  
Defendant

5/2/2019  
Date

5